UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

August 17, 2017

LETTER TO COUNSEL

      RE:    *Larry J. Oakes, Jr. v. Commissioner, Social Security Administration*;
               Civil No. SAG-16-4051

Dear Counsel:

      On December 20, 2016, Plaintiff Larry J. Oakes, Jr. petitioned this Court to review the Social Security Administration's final decision to deny his claims for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 14, 16). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Plaintiff's motion, grant the Commissioner's motion, and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405. This letter explains my rationale.

      Mr. Oakes filed claims for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in December, 2012, alleging a disability onset date of February 1, 2012. (Tr. 170-79). His claims were denied initially and on reconsideration. (Tr. 100-09, 116-19). A hearing was held on June 4, 2015, before an Administrative Law Judge ("ALJ"). (Tr. 31-65). Following the hearing, the ALJ determined that Mr. Oakes was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 7-30). The Appeals Council ("AC") denied Mr. Oakes's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Mr. Oakes suffered from the severe impairments of "discogenic/degenerative back disorder, peripheral neuropathy, and carpal tunnel syndrome." (Tr. 13). Despite these impairments, the ALJ determined that Mr. Oakes retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except lifting/carrying 20 pounds occasionally and ten pounds frequently, occasional postural activities such as climbing ramps, stairs, ladders, ropes, scaffolds, as well as occasional stooping, kneeling, crouching and crawling, and no more than frequent fingering or reaching, including overhead, with the left upper extremity.

*Larry J. Oakes, Jr. v. Commissioner, Social Security Administration*;
Civil No. SAG-16-4051
August 17, 2017

(Tr. 15). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Oakes could perform jobs existing in significant numbers in the national economy and that, therefore, he was not disabled. (Tr. 24-25).

Mr. Oakes's sole argument on appeal is that that the AC erroneously declined to remand the case for new and material evidence. Pl. Mot. 6-8. Specifically, he contends that the AC failed to properly consider evidence that "would have resulted in a finding that [he] met the criteria of Listing 1.04A." *Id*. at 6. I disagree. The AC is required to consider additional evidence submitted by a claimant only where it is (1) new, (2) material, and (3) relates to the period on or before the date of the ALJ hearing decision. 20 C.F.R. §§ 404.970(b), 416.1470(b). Evidence is new where "it is not duplicative or cumulative[,]" and is material where there is "a reasonable possibility that the new evidence would have changed the outcome." *Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011) (quoting *Wilkins v. Sec'y, Dep't of Health & Human Servs.*, 953 F.2d 93, 96 (4th Cir. 1991) (en banc)). Moreover, "[m]aterial evidence is evidence that relates to the claimant's condition for the time period for which benefits were denied, and not to after-acquired conditions or post-decision deterioration of a pre-existing condition." *Eidoen v. Apfel*, 221 F.3d 1342 (8th Cir. 2000). "[T]he regulatory scheme does not require the [AC] to do anything more than…'consider new and material evidence…in deciding whether to grant review.'" *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). The AC is not required to take any specific action in response to new and material evidence, and is not required to provide a detailed explanation of its evaluation where it denies review. *Id*. In this case, Mr. Oakes submitted additional medical records to support his assertion that he met or equaled Listing 1.04A. (Tr. 379-413). However, Mr. Oakes concedes that much of this evidence was dated after the date of the ALJ's decision. Pl. Mot. 6-8; *see*, *e.g.*, (Tr. 379-83, 399-405, 408-13). Regardless, the AC decision specified that it had considered the new records Mr. Oakes submitted at the appellate level, but "concluded that the additional evidence does not provide a basis for changing the [ALJ's] decision." (Tr. 2, 5). Accordingly, the AC fulfilled its legal obligation to consider the evidence in deciding whether to grant review. Finally, Mr. Oakes contends that the new records establish some of the Listing criteria (namely, compromise of the nerve root and pain), but does not address other criteria, such as motor loss. Pl. Mot. 7-8. Consequently, there is no reasonable probability of a different outcome if the ALJ had received the records predating his opinion. Therefore, remand is unwarranted.

For the reasons set forth herein, Mr. Oakes's Motion for Summary Judgment (ECF No. 14) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge

2